IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALEKSANDR SELYUTIN, | |
| Plaintiff, | Case No. 18 cv 3951 |
| v. | Judge Mary M. Rowland |
| AON PLC., AON SERVICE CORPORATION, UNKNOWN PEACE OFFICERS OF STATE OF Illinois, UNKOWN DEFENDANTS, | |
| Defendants. | |

## ORDER

Before the Court are various motions filed by Plaintiff, Aleksander Selyutin, regarding discovery the court's jurisdiction over the remaining claims and defendants in light of the fact that his employment dispute with his former employer, Aon, has been resolved. Pending are Plaintiff's Motion to inform the Court regarding important new episodes evaluation by the DOJ regarding the Americans with Disabilities Act (Dkt. 109); Motion to begin discovery of John Doe defendants filed under seal (Dkt. 125); Motion to retain jurisdiction pursuant to *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994) (Dkt. 159); Motion for leave to file Fourth Amended Complaint after Plaintiff discovers the identity of the John Doe defendants (Dkt. 165); Motion to serve discovery on Skokie Police Dept. and to reconsider the Court's May 30, 2019 Order (Dkt. 169).

1

Because the Court finds that it does not have jurisdiction over the remaining claims, the case is dismissed. "When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented." *Gonzalez v. Thaler*, 565 U.S. 134, 141, 132 S. Ct. 641, 648, 181 L. Ed. 2d 619 (2012). "[The Court] is under a continuing obligation to assure itself of subject-matter jurisdiction, no matter how the issue is raised." *Craig v. Ontario Corp.,* 543 F.3d 872, 877 (7th Cir. 2008). Therefore, the motions are denied.

**A. Background**

Selyutin brought this lawsuit, pro se, against Aon PLC and Aon Service Corporation (collectively, "Aon") and several unknown defendants. Selyutin primarily alleged that Aon, his former employer, discriminated against him pursuant to the ADA, based on his disability and violated the Illinois Whistleblower Act. Selyutin and Aon settled the case and, after protracted litigation regarding the enforcement of the settlement agreement,[1] the matter against Aon has been dismissed with prejudice. (Dkt. 168).

Selyutin also alleges that "Unknown Peace Officers of State of Illinois, Unknown Defendants" made improper inquiry under the ADA (Count V); violated his right to privacy under the Illinois Constitution and Illinois tort law (Count VI and VII); committed a private nuisance (Count VIII); and engaged in the intentional infliction of emotional distress (Count IX). Finally, Selyutin brings defamation/slander

---

[1] Selyutin's objections to enforcement of the settlement agreement was, in part, based on his desire "to keep his Case in Federal Court." (Dkt. 153 at 5).

2

allegations against these same "John Doe, Unknown Peace Officers of State of Illinois, Unknown Defendants" (Count X). (Dkt. 72).

Since the start of this lawsuit, Selyutin has alleged that he has faced harassment by unknown individuals. (Dkt. 1 at 8-9). The harassment is largely focused on incidents where he lives and, in the original complaint, involved "disturbing messages, harassment calls, privacy violations, property damages, several break-ins to his residence." (*Id.* at 8-9). Each of Selyutin's complaints, (Dkt. 1, 43, 58 & 72) were anchored in his employment action against Aon but contained far-reaching allegations about named and unnamed defendants who have engaged in a campaign of harassment from 2013 to the present. The harassment allegations, to the extent they allege actual torts, are rooted in state law violations.

The most recent complaint, filed on November 7, 2019, included new allegations that Aon's former and current counsel, Sidley Austin LLP (former) and Littler Mendelson, P.C (current), were part of the harassment.[2] (Dkt. 72). Selyutin made numerous filings informing the Court about harassment from neighbors, local police agencies, and contractors at his condominium. (Dkt. 92, 109, 113, 121, 125). On August 13, 2020, the Court took Selyutin's motion requesting discovery of the unknown individuals (Dkt. 92 at 11), under advisement to allow Aon and Selyutin to focus on settlement. (Dkt. 95).

---

[2] Despite these more recent allegations against Aon's counsel, Aon and Plaintiff were able to resolve their dispute.

**B. Federal Jurisdiction is lacking and claims against John Does are improperly joined**

All of Selyutin's remaining claims are firmly rooted in state law torts and are properly filed in state court, save Count V: improper inquiry under the ADA. The ADA provides:

> A covered entity shall not require a medical examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity.

42 U.S.C. § 12112(d)(4)(A). Without deciding whether this section, alone, gives rise to a cause of action against a *covered entity*, Selyutin's basis for this allegation against the John Doe defendants on an incident from April 24, 2017 where he witnessed his former criminal attorney, Joseph Kennelly, discussing his evaluation (an evaluation conducted relative to a state criminal matter by Erick A. Neu, Psy.D., Licensed Clinical Psychologist). Assuming Kennelly did disclose Selyutin's evaluation results to John Doe defendants, it does not state a claim under the ADA. There is no basis to assert that any John Doe defendants are covered entities under the ADA. Count V is dismissed with prejudice.

The remaining counts allege that since 2014, his mail at his condominium has been stolen and his unit has been the subject of break-ins. He believes a certain neighbor, Mr. Donald Howard, is a contractor who was hired to monitor him. The management of Skokie Gardens is involved in the harassment and the invasion of his privacy has extended to the dissemination of his phone records and emails. His car has been vandalized. A certain defendant, "JD," made called the Skokie police to

report that Plaintiff "hit the wall with a ball" in order to defame Plaintiff and cause his possible arrest. The third amended complaint contains an appendix that identifies incidents when Plaintiff has been followed and been subject to heat deprivation. (Dkt. 72 at 47). There is no basis for these claims to be raised in federal court.[3]

In addition, the matters are not properly brought in a case that concerns Selyutin's employment dispute with Aon. The Seventh Circuit has held that plaintiffs cannot file separate claims for injuries related to separate groups of defendants within the same complaint. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). Joinder of parties to a complaint is proper if the additional parties are related to claims arising from the same transaction or series of related transactions. *See* Fed. R. Civ. P. 18, 20; *Wheeler*, 689 F.3d at 683. Specifically, a plaintiff may put every claim of any kind against one defendant into one complaint per Fed. R. Civ. P 18(a), but a complaint may allege one claim against "Defendant A," and a different claim against "Defendant B," only if both claims arise "out of the same transaction, occurrence, or series of transactions or occurrences". Rule 20(a)(1)(A); *George v. Smith*, 507 F.3d 605 (7th Cir. 2007). Where multiple claims within a plaintiff's complaint violate Fed. R. Civ. P. 18 and Fed. R. Civ. P. 20, the Court must sever the claims and direct the plaintiff to file the distinct claims as separate complaints. *Wheeler*, 689 F.3d at 683. That means, even if there was federal jurisdiction to consider these claims, **and there is not**, the claims would need to be filed as a separate action.

---

[3] The court is not ruling on the merits of these claims.

5

**C. Pending motions**

Because the Court does not have jurisdiction over these matters, it does not have the power to permit discovery into the identity of the John Doe defendants. Therefore, Plaintiff's Motion to begin discovery of John Doe defendants filed under seal (Dkt. 125) and Motion to issue discovery to Skokie Police Department (Dkt. 169) are denied. Furthermore, as stated previously, in *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 378 (1994), the Supreme Court reversed a district court's decision to exercise jurisdiction over a case that had settled. The lower court in *Kokkonen*, exercise "ancillary" jurisdiction over the settling parties and the Supreme Court found that was error. Plaintiff's Motion to retain jurisdiction pursuant to *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375 (1994), is denied again. (Dkt. 159).

Selyutin's motion to file a Fourth Amended Complaint following further discovery (Dkt. 165) is also denied. In that motion, Selyutin updates his allegations and alleges that individuals have been harassing and attacking him because of his disability (asthma) and alleges the Skokie police are involved, therefore asserting potential § 1983 jurisdiction. Although the court does not reach the merits of these new claims, any such claims would not properly be joined with claims involving his original employment action against Aon.

Plaintiff's Motion to inform the Court regarding important new episodes by the DOJ regarding the Americans with Disabilities Act is denied as moot (Dkt. 109).

**D. Conclusion**

For the reasons stated, the Counts remaining in this case are dismissed with prejudiced. All pending motions are denied. Civil case terminated.

E N T E R:

Dated: June 15, 2021

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge